UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIPAN SHARDA, | No. 2:25-cv-2253 DAD AC PS |
| Plaintiff, | |
| v. | ORDER |
| ADVENTIST HEALTH, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### B. The Complaint

Plaintiff sues Adventist Health and several of its employees for violations of Title VII of the Civil Rights Act of 1964. ECF No. 1 at 2-3. Plaintiff alleges he was discriminated against on the basis of race and religion (both of which are unspecified in the complaint) between October 30, 2014 and January 31, 2024. Id. at 4. Plaintiff states he started employment with Adventist Health in 2014 as a contract employee and was hired permanently in October 2014. Id. at 5. In 2018 the IT department was moved from "Adventist Health" to "Cerner Corporation," and in 2022 "Oracle Corporation" bought Cerner, and IT employees became Oracle employees. Id. In January of 2024 the Oracle's contract ended and the IT employees became Adventist Health employees again. Id.

Plaintiff alleges that within 13 days of becoming an Adventist Health employee he was suspended from employment and then terminated. Id. Plaintiff states that "retaliation by employees of Adventist Health based on my religion and race is the crux of this case." Id. Plaintiff seeks one million dollars in actual damages and 10 million dollars in punitive damages for the "damage for my reputation, mental harassment and discrimination I have faced over the period of 10 years." Id. at 6. Plaintiff states that he was discriminated against, in violation of Title VII, by termination of his employment and by retaliation. Id. at 4.

Plaintiff received a "right to sue" letter from the Equal Employment Opportunity Commission on May 12, 2025. Id. at 7. The letter states that plaintiff had 90 days to file a lawsuit based on his charges, and states that the "right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days." Id. The 90-day timeline runs from the "date you received this notice." Id. Plaintiff signed the complaint on August 10, 2025, and filed this lawsuit on August 11, 2025. Ninety days from May 12, 2025 is Saturday, August 9, 2025.

C. <u>Discussion</u>

Plaintiff's complaint cannot be served at this time because it does not contain state a claim upon which relief can be granted, and because it may be time-barred. First, "to establish a prima facie case of race discrimination, plaintiff must show: (1) he belongs to a racial minority; (2) he was qualified for the position at issue; (3) he suffered an adverse employment action; and (4) similarly situated employees who did not belong to the same racial minority were treated more favorably." <u>Hawkins v. Home Depot USA, Inc</u>., 294 F. Supp. 2d 1119, 1122 (N.D. Cal. 2003). The complaint does not address any of the elements of a race discrimination claim. The conclusory statement that plaintiff was discriminated against based on his race is not enough.

Second, to establish a prima facie case of religious discrimination under Title VII, an employee must demonstrate "that (1) [he] had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) [he] informed [his] employer of the belief and conflict; and (3) the employer threatened [him] or subjected [him] to discriminatory treatment, including discharge, because of [his] inability to fulfill the job requirements." <u>Tiano v. Dillard Dept. Stores, Inc</u>., 139 F.3d 679, 681 (9th Cir. 1998) (citation omitted). Again, the complaint does not address any of these factors. The conclusory statement that plaintiff's employer discriminated against him based on his religion is not enough.

Third, "[t]o make out a prima facie case of retaliation [under Title VII], an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." <u>Ray v. Henderson</u>, 217 F.3d 1234, 1240 (9th Cir. 2000). The complaint addresses none of these elements. Accordingly, plaintiff does not state any claim upon which relief can be granted.

Finally, it is not clear that plaintiff's complaint was timely filed. Plaintiff does not provide information as to when he received the right to sue notice from the EEOC, but if he received it the day it was issued, then his complaint was filed after the 90-day deadline and is time-barred. The court cannot tell whether the claims are time-barred based on the information provided.

Rather than recommending dismissal, the court will allow plaintiff to file an amended complaint correcting the problems outlined above.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts that support the legal claims asserted, and should identify the date plaintiff received his EEOC letter. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading or a separate motion to make plaintiff's amended complaint complete.  Any amended complaint must be complete without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an

amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court.  You do not provide enough facts to support any of the legal claims you allege.  Also, it is not clear when you received your right to sue letter from the EEOC.  You are being given 30 days to submit an amended complaint that provides facts to support your legal causes of action.  An amended complaint should include facts that show each element of liability for each claim.  Those elements are explained above.  Remember that the court cannot look to your old complaints or motions – all of the necessary information must be in the amended complaint.  If you do not submit a second amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: September 22, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE